UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| **LALIT GUPTA** | : | Case No. 3:16-cv-483 |
| 308 Grassy Creek Way | : | |
| Dayton, OH 45458 | : | Judge |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| -vs- | : | |
| | : | |
| **CITY OF DAYTON** | : | **COMPLAINT WITH JURY DEMAND** |
| 101 West Third Street | : | |
| Dayton, OH 45402 | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

Plaintiff Lalit Gupta complaining of Defendant City of Dayton states as follows:

### PARTIES

1. Plaintiff Lalit Gupta is a resident and citizen of the State of Ohio.

2. Defendant City of Dayton is a municipality organized under the laws of the State of Ohio.

3. Defendant is an employer within the meaning of state and federal law.

### JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 29 U.S.C. § 2000e, *et seq.*.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 on the grounds that Plaintiff's state law claims are so related to his federal claims, over which the Court has original jurisdiction, that they form part of the same case or controversy.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Right to Sue from the Equal

Employment Opportunity Commission dated August 31, 2016 and this Complaint is filed within 90 days of receipt of the Notice.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 59-year old Indian-American male who became employed by the Defendant on May 15, 1989 as a Wastewater Engineer in the Division of Wastewater Treatment in the Dayton Department of Water.

8. Plaintiff was fully qualified for his position at all relevant times.

9. Plaintiff was a loyal and dedicated employee.

10. Plaintiff was hired by Thomas Schommer, who was then the Division Manager of the Wastewater Treatment Department. On July 17, 2009, Schommer retired from that position.

11. On November 9, 2009, Water Department Director Tammi Clements offered the Division Manager position to Plaintiff. Clements told Plaintiff he would serve as acting Division Manager for a six month probationary period, after which he would be made the permanent Division Manager.

12. Plaintiff accepted the position on the terms Clements presented to him.

13. Plaintiff, a 27-year veteran of the Water Department, met all of the educational and experience requirements of the Division Manager position and successfully performed the job for almost a year.

14. On October 4, 2010, Plaintiff learned that, despite Clements's promises to him, Clements hired Gary Marshall, a white male, to be the permanent Division Manager.

15. When Marshall became Division Manager, he almost immediately singled out Plaintiff for harassment.

16. On November 8, 2010, Marshall threatened to slap Plaintiff in the face. Plaintiff reported this to Clements. Clements took no action in response to Plaintiff's report.

17. As Division Manager, Marshall created the position of Administrator. Plaintiff applied and interviewed for the position.

18. Marshall hired Jason Tincu, a white male, for the position.

19. The Administrator job requirements included a bachelor's degree. Clements changed the requirement to accommodate Tincu, who had only an associate degree.

20. Clements forced Marshall to resign from the Division Manager position on July 12, 2013.

21. Clements selected Tincu to replace Marshall as Division Manager.

22. Tincu hired his friend Dave Wilson, a white male, to be Administrator.

23. Like Marshall, Tincu and Wilson singled out Plaintiff for harassment. They laughed at and made offensive comments to Plaintiff.

24. On August 21, 2014, Tincu waited for Plaintiff in the parking lot, followed him to his office, and shut the door so that Plaintiff could not escape. Tincu yelled at Plaintiff and exhibited intimidating and threatening body language.

25. Tincu accused Plaintiff of not working 40 hours per week of work. In fact, Plaintiff worked more than 40 hours per week. Tincu and Wilson frequently came in late and left early, as did other employees. Tincu and Wilson never criticized other employees for working fewer than 40 hours per week.

26. Plaintiff asked Tincu and Wilson, verbally and in writing, to stop harassing him, but they did not.

27. Plaintiff brought these incidents to the attention of human resources, but Tincu and Wilson were not disciplined.

28. Tincu resigned from the Division Manager position on February 19, 2015. Clements selected Wilson to replace Tincu on an interim basis.

29. Wilson had no college degree or management experience.

30. The hostility of Marshall, Tincu, and Wilson caused Plaintiff to become depressed and to seek medical treatment.

31. Plaintiff was required to take disability retirement due to depression and to escape the hostile environment created by Clements, Marshall, Tincu, and Wilson.

## COUNT I

### Race Discrimination – Title VII

32. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

33. Plaintiff is Indian-American.

34. Plaintiff was fully qualified for his position at all relevant times.

35. Defendant's acts in discriminating against Plaintiff include, but are not limited to, treating him differently than similarly-situated white employees and failing to promote him because of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 29 U.S.C. § 2000e, *et seq*.

36. Defendant's actions were intentional, willful, wanton, malicious, and in conscious disregard for Plaintiff's rights.

37. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to damages.

## COUNT II

### National Origin Discrimination – Title VII

38. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

39. Plaintiff is Indian-American.

40. Plaintiff was fully qualified for his position at all relevant times.

41. Defendant's acts in discriminating against Plaintiff include, but are not limited to, treating him differently than similarly situated employees who were not of Indian national origin and failing to promote him because of his national origin in violation of Title VII of the Civil

Rights Act of 1964 ("Title VII"), as amended, 29 U.S.C. § 2000e, *et seq*.

42. Defendant's actions were intentional, willful, wanton, malicious, and in conscious disregard for Plaintiff's rights.

43. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to damages.

## COUNT III

### Race Discrimination– 42 U.S.C. § 1981

44. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

45. Plaintiff is Indian-American.

46. Plaintiff was fully qualified for his position at all relevant times.

47. Defendant's acts in discriminating against Plaintiff include, but are not limited to, treating him differently than similarly-situated white employees and failing to promote him because of his race.

48. Defendant's acts interfered with Plaintiff's ability to make, perform, modify, or terminate contracts and enjoy all the benefits, privileges, terms, and conditions of his contractual relationship with Defendant.

49. Defendant's actions were intentional, willful, wanton, malicious, and in conscious disregard for Plaintiff's rights.

50. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to damages.

## COUNT IV

### Race Discrimination– O.R.C. Chapter 4112

51. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

52. Plaintiff is Indian-American.

53. Plaintiff was fully qualified for his position at all relevant times.

54. Defendant's acts in discriminating against Plaintiff include, but are not limited to, treating him differently than similarly-situated white employees and failing to promote him because of his race in violation of Ohio Revised Code Chapter 4112.

55. Defendant's actions were intentional, willful, wanton, malicious, and in conscious disregard for Plaintiff's rights.

56. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to damages pursuant to O.R.C. § 4112.99.

## COUNT V

### National Origin Discrimination– O.R.C. Chapter 4112

57. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

58. Plaintiff is Indian-American.

59. Plaintiff was fully qualified for his position at all relevant times.

60. Defendant's acts in discriminating against Plaintiff include, but are not limited to, treating him differently than similarly situated employees who were not of Indian national origin and failing to promote him because of his national origin in violation of Ohio Revised Code Chapter 4112.

61. Defendant's actions were intentional, willful, wanton, malicious, and in conscious disregard for Plaintiff's rights.

62. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to damages pursuant to O.R.C. § 4112.99.

## COUNT VI

### Retaliation – O.R.C. Chapter 4112

63. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

64. Plaintiff engaged in protected activity by complaining to his managers and to human resources about Marshall, Tincu, and Wilson's unlawful harassment of him because of his race and national origin.

65. Defendant failed to promote Plaintiff in favor of three less qualified white males in retaliation for engaging in activity protected by Ohio Revised Code Chapter 4112.

66. Defendant's actions were intentional, willful, wanton, malicious, and in conscious disregard for Plaintiff's rights.

67. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to damages pursuant to O.R.C. § 4112.99.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated to his employment;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) That Plaintiff be awarded compensatory damages including emotional distress;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be compensated for adverse tax consequences of receiving a lump sum rather than compensation over several separate tax years;

(h) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(i) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

*/s/ Kelly Mulloy Myers*
Kelly Mulloy Myers (0065698)
Jeffrey M. Silverstein (0016948)
Erin M. Heidrich (0093828)
Trial Attorneys for Plaintiff
FREKING MYERS & REUL LLC
525 Vine Street, Sixth Floor
Cincinnati, OH 45202
Phone: (513) 721-1975/Fax: (513) 651-2570
*kmyers@fmr.law*
*jsilverstein@fmr.law*
*eheidrich@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Kelly Mulloy Myers*